# IN THE MATTER OF PEDRO PEÑA LOPEZ, Bankrupt.

San Juan, Bankruptcy, No. 437.

BANKRUPTCY.

Referee—No Power to Control Local Marshal.

    1. A referee in bankruptcy has no power to issue orders to a marshal of an Insular court.

Referee—Must Certify to District Judge.

    2. Where the proceedings pending before a referee in bankruptcy are of such a nature as to require action against an official of an Insular court, the referee should proceed by means of a certificate addressed to the district judge.

Opinion filed December 22, 1922.

*Honorable Salvador Mestre,* Attorney General of Porto Rico, for Fidel R. Rodriguez.

*Mr. Harry F. Besosa, Esq.* for Trustee in Bankruptcy.

*Mr. J. Henri Brown, Esq.* for Perfecto Paradís.

ODLIN, Judge, delivered the following opinion:

On November 14th, 1922, I signed an order, on motion of the trustee of the bankrupt estate, for a rule to issue directing Perfecto Paradís and Fidel R. Rodriguez to appear before me on a day named in said order and show cause why an attachment for contempt should not issue against them for failing to

comply with a certain order of Mr. Rafael Martinez Alvarez, referee in bankruptcy, dated July 15th, 1922.

The said Fidel R. Rodriguez at the time of this order of the referee in bankruptcy was acting as the marshal of the municipal court of the city of Caguas, and so far as I know, he is still serving in that capacity. The said Perfecto Paradís was the plaintiff in a certain suit pending before the municipal court of Caguas, in which suit Pedro Peña Lopez, bankrupt, was one of the defendants.

Paradís had obtained a judgment against the said Pedro Peña Lopez et al., and following said judgment there was an executive sale which resulted in a certain deed being executed on October 17th, 1922, in favor of the said Perfecto Paradís, who took possession of the property described in said deed and made a lease of the same to one Guillo and was receiving a rental therefor. These proceedings were alleged to have been in violation of an order signed by the said referee in bankruptcy on July 15th, 1922. Thereafter motions were presented to this court on behalf of the said Fidel R. Rodriguez and Perfecto Paradís for a discharge of the rule to show cause because said rule issued without a certificate of the referee in bankruptcy having been filed, as required by § 41b of the Bankruptcy Act; and with respect to Fidel R. Rodriguez, the additional grounds are submitted that the order of the referee is not directed to Rodriguez in his capacity as marshal of the municipal court of Caguas, and even though it were, the point is made by the attorney general that the referee has no jurisdiction to issue an injunction to restrain proceedings of an officer of an insular court, and the further ground is the same relied upon by counsel for Paradís, namely, that these con-

Le Lopez.

tempt proceedings are not based upon a proper certificate of the referee, as required by the provision of the Bankruptcy Act above mentioned.

This court is of the opinion that the proceedings are fatally defective and that they should be dismissed, and it is so ordered; but without prejudice to the right of the trustee in bankruptcy to apply to the referee for a proper order or certificate, if he shall see fit to do so.

Done and Ordered, San Juan, Porto Rico, December 21st, 1922.